**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TASKEEN ABDUL-AHAD,
ADMINISTRATOR AD
PROSEQUENDUM of the ESTATE OF
PAUL O. BRASWELL, and HORACE L.
BRAWELL

        *Plaintiffs*,

    v.

ESSEX COUNTY SHERIFF'S
DEPARTMENT, et al.,

        *Defendants*.

Civil Action No. 20-15602

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of partial motions to dismiss filed by the following Defendants: (1) Essex County Sheriff Department, D.E. 6; (2) Detective Ozie Ryals, Detective Gino Izzo, Sgt. Christopher Bozios, Jr., Detective Edgar J. Silverio, Detective Yusef Ellis, and Detective Erik Udvarhely (collectively, the "County of Essex Defendants"), D.E. 14; and (3) Det. Jose Yunque and Sgt. Emanuel Periera, D.E. 21. On May 19, 2021, Defendant Officer Abdullah Holmes filed a letter stating that he joins in the motion filed by the County of Essex Defendants and relies on their motion papers.[1] D.E. 15. Plaintiffs filed a brief in opposition to the

---

[1] The Court notes that Defendant Holmes did not file his request as a motion, which is required by the Federal Rules of Civil Procedure and the Local Civil Rules. *See* Fed. R. Civ. P. 7(b) (stating that "[a] request for a court order must be made by motion"); L. Civ. R. 7.1 (setting forth motion practice requirements for "all motions, regardless of their complexity and the relief sought"). But because Holmes' basis for dismissal is premised on identical arguments as the other Defendants in this matter, the Court will construe Holmes' request as a separately filed motion. Going forward,

Essex County Sheriff Department and the County of Essex Defendants' motions, D.E. 16, to which these Defendants filed briefs in reply, D.E. 18, 19.[2]  With respect to Defendants Yunque and Periera's motion to dismiss, Plaintiffs filed a letter explaining that they were relying on the same arguments advanced in their previously filed opposition brief.  D.E. 22.  The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On or about September 26, 2018, Paul O. Braswell was a passenger in a vehicle in Newark, New Jersey.[3]  Compl. ¶ 7.  Plaintiffs contend that Braswell was not engaged in any criminal activity at the time and did not possess any illegal contraband or weapons.  *Id.* ¶ 10.  Unknown individuals approached the car Braswell was riding in "with what appeared to be firearms" and the driver of the vehicle attempted to evade the unknown individuals.  *Id.* ¶ 8.  The driver struck several vehicles and a tree, rendering the car "inoperable."  *Id.* ¶¶ 8, 11.  The individuals with firearms opened fire

---

however, if Holmes seeks any relief that is ordinarily decided through a motion, Holmes may not file a letter requesting such relief.

[2] The Essex County Sheriff Department's brief in support of its motion (D.E. 6) will be referred to as "Sheriff Br."; the County of Essex Defendants' brief in support of their motion (D.E. 14-1) will be referred to as "Cnty. Br.."; Periera and Yunque's brief in support of their motion (D.E. 21-5) will be referred to as "Periera Br."; Plaintiffs' opposition brief (D.E. 16) will be referred to as "Plfs. Opp."; the Essex County Sheriff Department's reply brief (D.E. 19) will be referred to as "Sheriff Reply"; and the County of Essex Defendants' reply brief (D.E. 18) will be referred to as "Cnty. Reply".

[3] The factual background is taken from Plaintiffs' Complaint (the "Compl").  D.E. 1.  When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

on the vehicle.  The individuals were plainclothes police officers and the Officer Defendants[4] in this matter.  The Officer Defendants discharged seventy-two bullets into the car, and Braswell was struck.  *Id.* ¶¶ 11-13.  Braswell and the driver of the vehicle did not "discharge any firearms nor take any other action directed at or towards the police."  *Id.* ¶ 13.  After Defendants discharged their weapons into the vehicle, Defendants did not provide or attempt to provide Braswell with medical aid or attention for hours.  Braswell subsequently died from the gunshot wounds.  *Id.* ¶¶ 12, 23.

Plaintiffs filed their Complaint in New Jersey state court, which was removed to this Court by the Essex County Sheriff Department on November 6, 2020.  D.E. 1.  In the Complaint, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2.  Specifically, Plaintiffs assert the following claims: (1) "general allegations" (Count I); (2) excessive force (Count II); (3) false imprisonment (Count III); (4) unreasonable seizure (Count IV); (5) a *Monell* claim (Count V); and (6) failure to provide or timely secure medical care (Count VI).  D.E. 1.  Defendants subsequently filed their partial motions to dismiss, seeking to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 6, 14, 21.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] The Officer Defendants are Detective Ozie Ryals, Detective Gino Izzo, Sgt. Christopher Bozios, Jr., Detective Edgar J. Silverio, Detective Yusef Ellis, Detective Erik Udvarhely, Det. Jose Yunque, Sgt. Emanuel Periera, and Officer Abdullah Holmes.

570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery

will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir.

2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and

legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements

of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of

truth.  *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however,

"must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.  Even if

plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do

not state "a legally cognizable cause of action."  *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148,

2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.   ANALYSIS

Defendants seek to dismiss Counts I and III of the Complaint, which assert claims pursuant

to 42 U.S.C. § 1983 and the NJCRA.  Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for

vindicating violations of other federal rights.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a

federal right; and (2) the person who deprived him of that right acted under color of state or

territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. 10:6-2. The "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted). Therefore, the Court considers Plaintiffs' Section 1983 and NJCRA claims together.

### 1. Count One

Defendants seek to dismiss Count One, to the extent that it pleads a substantive due process violation. Namely, Defendants argue that Plaintiffs' substantive due process claim is really a claim for excessive force, which arises under the Fourth Amendment rather than the Fourteenth Amendment. Sheriff's Br. at 16-17. Plaintiffs counter that their substantive due process claim is separate from their excessive force claim, and addresses Defendants' alleged failure to provide appropriate medical care. Plfs. Opp. at 3-4.[5] "[A]ll claims that law enforcement officers have

---

[5] The Essex County Sheriff Department argues that this Court should not consider Plaintiffs' opposition brief because it was not timely filed. *See* Sheriff Reply at 2. Local Civil Rule 7.1(d)(2) provides that opposition papers to a motion must be filed at least fourteen days before the original motion day, unless the Court orders otherwise or the party obtains an extension. *See* L. Civ. R.

used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis omitted).   "The Due Process Clause, however, does require the responsible government or governmental agency to provide medical care to persons . . . , who have been injured while being apprehended by the police." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Conde v. City of Atlantic City*, 293 F. Supp. 3d 493, 506 (D.N.J. 2017) ("The Eighth Amendment's 'deliberate indifference' standard, applies, through the Fourteenth Amendment, to Plaintiff's claim that Mack was denied medical attention after he was shot twice in the back" by a police officer).   In this instance, Plaintiffs allege that for hours after the shooting occurred, none of the Officer Defendants offered medical aid or called emergency personnel "while [Braswell] lay dying[.]"  Compl. ¶ 12.  These allegations state a claim for failure to provide medical care under the Fourteenth Amendment.  Consequently, Defendants' motions to dismiss are denied on these grounds.[6]

In their reply brief, the County of Essex Defendants argue that Count One must be

---

7.1(d)(2).  Here, the Essex County Sheriff Department filed its motion to dismiss in January 2021, D.E. 6, and Plaintiffs filed their opposition brief on June 7, 2021, D.E. 16.  Plaintiffs did not obtain an extension with respect to the Essex County Sheriff Department's motion.  Accordingly, Plaintiffs filed their brief almost five months late.  Plaintiffs, however, did file their opposition brief to the County of Essex Defendants' motion in a timely fashion, and all the Defendants make identical arguments for dismissal.  As a result, the Court will consider Plaintiffs' opposition brief because it was timely filed with respect to the County of Essex Defendants.  Plaintiffs, however, are cautioned that going forward, they will be required to adhere to all filing deadlines in this matter or seek an extension *before* a deadline passes.

[6] Defendants do not argue that this claim should be dismissed as to any Defendant because of qualified immunity.  As a result, the Court will not address the issue of qualified immunity at this time.

dismissed because it is a "shotgun pleading" that violates Federal Rule of Civil Procedure 8(a).[7] Cnty. Br. at 3-4.  Rule 8(a) requires that pleadings include "a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Complaints that violate this rule 'are often disparagingly referred to as shotgun pleadings.'"  *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland v. Palm Beach Ctny. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).  Count One of Plaintiffs' Complaint is entitled "General Allegations" and asserts Section 1983 and NJCRA claims alleging violations of the Fourth and Fourteenth Amendments.  Plaintiffs appear to assert claims for unreasonable search and seizure; excessive force; false arrest; and a substantive due process violation.  Compl. ¶¶ 16-17.  In the remainder of the Complaint, however, Plaintiffs assert each of the alleged constitutional violations in separate counts.  *See, e.g.*, Compl. ¶¶ 45-51 (asserting a failure to provide or secure timely medical care in Count VI).  Thus, the Complaint is not a shotgun pleading.  However, because Count I is redundant of Counts II through VI, Count I is dismissed.

### 2.  Count Three

Defendants also seek to dismiss Plaintiffs' false arrest and imprisonment claims because Braswell was never arrested or restrained by Defendants.  *See* Sheriff Br. at 18-19.  "An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983."  *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citing *Dowling v. City of*

---

[7] As the County of Essex Defendants acknowledge, this argument was raised in the first instance in their reply brief.  Ordinarily, the Court does not consider such new arguments.  *See Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them.").  However, because this argument will streamline the pleading and does not actually result in the dismissal of any of Plaintiffs' substantive claims, the Court considers the argument.

*Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)).  To state a false arrest claim, "a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).  In this instance, Plaintiffs plead that Defendants lacked probable cause to effectuate an arrest, Compl. ¶ 25, but do not plead that Braswell was arrested.  Accordingly, Plaintiffs fail to plead a Section 1983 false arrest claim.

Plaintiffs rely on *United States v. Mendenhall*, 446 U.S. 544 (1980) and *Torres v. Madrid*, 141 S. Ct. 989 (2021) to support their argument that an arrest occurred in this matter.  Plfs. Opp. at 8.  In both cases, the Supreme Court considered the parameters of a seizure under the Fourth Amendment.  In *Mendenhall*, the Supreme Court addressed the concept of a seizure to determine whether an individual consented to a search.  *Mendenhall*, 446 U.S. at 559-60.  And in *Torres*, the Supreme Court addressed the scope of an excessive force claim, specifically whether a shooting without actual physical restraint could constitute a seizure under the Fourth Amendment.  *Torres*, 141 S. Ct. at 994.  But claims based on false arrest, excessive force, and improper search address different Fourth Amendment violations.  For example, an excessive force claim indicates that a police officer used force that was not justified under the circumstances, whereas a false arrest claim targets an improper arrest due to the lack of probable cause.  *See Groman v. Township of Manalapan*, 47 F.3d 628, 633-34, 36 (3d Cir. 1995).  In relying on *Torres* and *Mendenhall* to support their false arrest claim, Plaintiffs are conflating separate issues.  *See County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1547 (2017) ("If there is no excessive force claim under *Graham* [*v. Connor*], there is no excessive force claim at all.  To the extent that a plaintiff has other Fourth Amendment claims, they should be analyzed separately."); *see also Kayo v. Mertz*, --- F. Supp. 3d ---, 2021 WL 1226869, at *14 (S.D.N.Y. 2021) ("Because the lawfulness of an arrest is irrelevant to an excessive force analysis, the plaintiff's excessive force claim must be analyzed separately

8

from the false arrest claim." (quoting *Vitalone v. City of New York*, No. 15-8525, 2018 WL 1587591, at *6 (S.D.N.Y. Mar. 27, 2018)).

Plaintiffs also fail to state a claim for false imprisonment. Plaintiffs plead false imprisonment claims under the Fourth and Fourteenth Amendment. Compl. ¶ 25. "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant that arrest." *Groman*, 47 F.3d at 636. This claim "is grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Id.* Plaintiffs contend that they state a claim because the Complaint sufficiently alleges that Defendants lacked probable cause. Plfs. Opp. at 9. But again, Plaintiffs do not plead that Braswell was arrested. A Fourth Amendment false imprisonment claim is premised on the detention after an arrest, so without an arrest, Plaintiff could not have been falsely imprisoned

An unlawful detention outside the context of an arrest may also give rise to a false imprisonment claim but such a claim is premised on the Fourteenth Amendment. *See Potts v. City of Philadelphia*, 224 F. Supp. 2d 919, 937 (E.D. Pa. 2002). The Supreme Court has suggested that a Fourteenth Amendment false imprisonment claim arises in the case of prolonged detention. *Id.* (quoting *Baker v. McCollan*, 443 U.S. 137, 143 (1979)). But in *Baker*, the Court determined that a three-day detention "does not and could not amount to such a deprivation." *Baker*, 443 U.S. at 143. Here, the detention Plaintiffs are relying on to support a Fourteenth Amendment false imprisonment claim is not clear. Plaintiffs *may* be claiming that the period of detention is the length of time that Defendants allegedly failed to provide Braswell with medical care. Plaintiffs allege that this lasted for hours. Compl. ¶ 12. This length of time is insufficient to support a Fourteenth Amendment false imprisonment claim. *See Potts*, 224 F. Supp. 2d at 937 ("Here, [Plaintiff] was detained for 30 hours, well short of three days. Thus, under *Baker*, plaintiff cannot

9

establish a claim against [Defendants] for unlawful detention as a matter of law.").  Accordingly, Plaintiffs cannot state a false imprisonment claim pursuant to the Fourteenth Amendment.

In sum, Plaintiffs fail to state a claim for false arrest or imprisonment.  Count III, therefore, is dismissed.

## IV.      CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (D.E. 6, 14, 21) are **GRANTED in part and DENIED in part**.  Specifically, Counts I and III are dismissed.  Plaintiffs shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  If Plaintiffs do not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice.  An appropriate Order accompanies this Opinion.

Dated:  September 7, 2021

_____
John Michael Vazquez, U.S.D.J.

10