**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TASKEEN ABDUL-AHAD, ADMINISTRATOR AD PROSEQUENDUM of the ESTATE OF PAUL O. BRASWELL, et al., *Plaintiffs*, v. ESSEX COUNTY SHERIFF'S DEPARTMENT, et al., *Defendants*. | Civil Action No. 20-15602 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiffs allege that multiple plainclothes law enforcement officers violated Paul O. Braswell's civil rights when they approached a vehicle in which Braswell was a passenger and fired their guns into the vehicle after the driver attempted to flee. Braswell was killed during this incident. Presently before the Court are partial motions to dismiss filed by the following Defendants: (1) Detective Ozie Ryals, Detective Gino Izzo, Sgt. Christopher Bozios, Jr., Detective Edgar J. Silverio, Detective Yusef Ellis, and Detective Erik Udvarhely (collectively, the "County Defendants"), D.E. 29; (2) Det. Jose Yunque and Sgt. Emanuel Pereira, D.E. 30; and (3) the Essex County Sheriff's Department ("ECSD"), D.E. 32. Plaintiffs filed a brief in opposition to the motions, D.E. 33, to which Defendants replied, D.E. 34, 35, 36.[1] The Court reviewed the parties'

---

[1] For purposes of this Opinion, the Court refers to the County Defendants' brief in support of their motion (D.E. 29-1) as "Cty. Br."; Pereira and Yunque's brief in support of their motion (D.E. 30-

submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the ECSD's motion is **GRANTED** and the County Defendants, Pereira, and Yunque's motions are **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about September 26, 2018, Braswell was a passenger in a vehicle in Newark, New Jersey.[2] FAC ¶ 9. Plaintiffs contend that Braswell was not engaged in any criminal activity at the time and did not possess any illegal contraband or weapons. *Id.* ¶ 13. Unknown individuals approached the vehicle "with what appeared to be firearms" and tried to block its path. *Id.* ¶ 9. Trying to flee, the driver struck several other vehicles and a tree, rendering the vehicle "inoperable." *Id.* ¶¶ 11, 14. The individuals with firearms opened fire on the vehicle. The individuals were plainclothes law enforcement officers and the Officer Defendants[3] in this matter. The Officer Defendants discharged seventy-two bullets into the vehicle, which struck Braswell. *Id.* ¶¶ 10, 14. Braswell and the driver of the vehicle did not "discharge any firearms nor take any other action directed at or towards the police." *Id.* ¶ 17. After Defendants discharged their weapons into the vehicle, Defendants did not provide or attempt to provide Braswell with medical

---

6) as "Pereira Br."; the ECSD's brief in support of its motion (D.E. 32) as "ECSD Br."; Plaintiffs' opposition brief (D.E. 33) as "Plfs. Opp."; the ECSD's reply (D.E. 35) as "ECSD Reply"; the County Defendants' reply (D.E. 34) as "Cty. Reply"; and Pereira and Yunque's reply (D.E. 36) as "Pereira Reply."

[2] The factual background is taken from Plaintiffs' First Amended Complaint (the "FAC"). D.E. 25. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The Officer Defendants are Detective Ozie Ryals, Detective Gino Izzo, Sgt. Christopher Bozios, Jr., Detective Edgar J. Silverio, Detective Yusef Ellis, Detective Erik Udvarhely, Det. Jose Yunque, Sgt. Emanuel Pereira, and Officer Abdullah Holmes. Defendant Abdullah Holmes did not file a motion or join in any motion to dismiss the FAC.

aid or attention for hours and did not timely call EMS. Braswell died from the gunshot wounds. *Id.* ¶¶ 16, 32.

Plaintiffs filed their Complaint in New Jersey state court, which the ECSD removed to this Court on November 6, 2020. D.E. 1. In the Complaint, Plaintiffs asserted claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2. Certain Defendants subsequently filed motions to partially dismiss the Complaint. D.E. 6, 14, 21. On September 7, 2021, this Court granted the motions in part, and dismissed two counts of the Complaint. The Court otherwise denied the motions. D.E. 23, 24. The Court, however, granted Plaintiffs leave to file an amended complaint. D.E. 24. Plaintiffs filed the FAC on October 5, 2021. In the FAC, Plaintiffs assert the following claims: (1) excessive force (Count I); (2) false arrest and false imprisonment (Count II); (3) unreasonable seizure (Count III); (4) a *Monell* claim (Count IV); and (5) failure to provide or timely secure medical care (Count V). D.E. 25. On November 2, 2021, Defendants filed the instant motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants seek to dismiss Counts I, II, III, and V of the FAC. D.E. 29, 30, 32.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a

3

reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III.    ANALYSIS

As discussed, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and the NJCRA. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or

> enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. § 10:6-2. The "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted). Therefore, the Court considers Plaintiffs' Section 1983 and NJCRA claims together.

### 1. Claims Against the ECSD

The ECSD seeks to dismiss Counts I, II, III, and V of the FAC because it cannot be vicariously liable for its employees' alleged wrongdoing. ECSD Br. at 14-16. A municipality or local governing body[4] cannot be held liable under a theory of *respondeat superior* for § 1983 or NJCRA claims. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978); *Harvey v. County of Hudson*, No. 14-3670, 2015 WL 9687862, at *11 (D.N.J. Nov. 25, 2015) ("The NJCRA, like Section 1983, does not impose vicarious liability or *respondeat superior* liability."). Instead, a municipality may be liable under Section 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury."[5] *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). In Count I,

---

[4] Although the ECSD does not seek to dismiss on these grounds, the Court notes that the ECSD is technically not a proper party to a Section 1983 claim. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (*per curiam*) (explaining that "a city police department is a government sub-unit that is not distinct from the municipality of which it is a part"). As a result, the Court construes Plaintiffs' claims against the ECSD as claims against Essex County.

[5] In Count IV, which the ECSD does not seek to dismiss, Plaintiffs allege that the ESCD's policies and practices were a moving force behind Braswell's death. FAC ¶¶ 46-51.

5

Plaintiffs address the alleged wrongful conduct of the Individual Defendants and do not mention any purportedly inappropriate policies or customs. *See* FAC ¶¶ 19-22. In Counts II, III, and V, Plaintiffs plead that the Individual Defendants were acting pursuant to the policies and practices of the ECSD. FAC ¶ 34. Plaintiffs state that they are not asserting claims pursuant to the doctrine of *respondeat superior* in Counts II, III, and V. Plfs. Opp. at 21. Accordingly, the Court construes the FAC as only asserting claims against the Individual Defendants in Counts I, II, III, and V because Count IV is a *Monell* claim. The ECSD's motion, therefore, is granted as to Counts I, II, III, and V.

The ECSD also argues that Plaintiffs' prayer for relief for punitive damages must be dismissed as to it because public entities are immune from punitive damages for Section 1983 and NJCRA claims. ECSD Br. at 7-8. The ECSD is correct that a plaintiff cannot recover punitive damages from a public entity for Section 1983 or NJCRA violations. *Damiani v. West Deptford Township*, No. 07-2884, 2008 WL 656041, at *4 (D.N.J. Mar. 7, 2008). Plaintiffs concede this fact in their opposition. Plfs. Opp. at 21. Thus, the ECSD's motion is granted as to punitive damages.

### 2. Excessive Force (Count One)

Defendants[6] maintain that Plaintiffs' excessive force claim must be dismissed because Plaintiffs fail to sufficiently allege the personal involvement of the Individual Defendants. *See* Cty. Br. at 10-11. When asserting a Section 1983 claim, a plaintiff must plead facts setting forth each defendant's involvement in the alleged violations. *See Iqbal*, 556 U.S. at 676; *see also Rode*

---

[6] The County Defendants, Yunque, and Pereira largely make identical arguments to dismiss Counts I, II, III, and V of the FAC. The ECSD also joined in these arguments. *See* ECSD Br. at 17 (stating that it joins the County Defendants' arguments for dismissal). Because the Court granted the ECSD's motion on other grounds the Court only considers the remaining arguments as to the moving Individual Defendants, and for the most part, considers their arguments together.

*v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (affirming dismissal of First Amendment retaliation claim where the plaintiff failed to allege personal direction of or knowledge and acquiescence in retaliatory actions by individual defendants).

Defendants rely on a handful of cases to support their argument that Plaintiffs failed to appropriately plead personal involvement. *See* Cty. Br. at 10-11. In each case, however, the plaintiff asserted claims against multiple defendants, but the available evidence demonstrated that only some of the defendants engaged in the wrongful conduct. For example, *Anela v. City of Wildwood*, 790 F.2d 1063 (3d Cir. 1986) involved Section 1983 claims pertaining to a detention that allegedly violated the plaintiffs' rights. *Anela*, 790 F.2d at 1065. The Third Circuit upheld the trial court's decision to grant a directed verdict for the individual defendants because the plaintiff failed to establish how each defendant was involved. *Id.* at 1067-68. While the evidence demonstrated that the individual defendants were on duty, there were other officers also on duty who were not named defendants. Moreover, other evidence showed that certain of the named defendants' job responsibilities indicated that they would not have been involved in booking and detaining, the alleged wrongful conduct. *Id.* at 1068. Accordingly, "[t]he district court dismissed the . . . claim solely on the basis that there was insufficient evidence to identify the specific police officers responsible for detaining and confining those plaintiffs." *Id.* at 1067. The Circuit affirmed, explaining that the plaintiffs "must identify defendants with greater specificity." *Id.*

Similarly, in *Jutrowski v. Township of Riverdale*, 904 F.3d 280 (3d Cir. 2018), the plaintiff asserted a Section 1983 excessive force claim against four police officers after he was severely injured by a single kick to his face. *Jutrowski*, 904 F.3d at 286. The Third Circuit upheld the finding of summary judgment as to the excessive force claim for the defendants because the plaintiff could not identify which defendant kicked him. *Id.* at 289-92. The Circuit explained that

"in the face of a motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial," but that the plaintiff had failed to do so. *Id.* at 291.

In contrast, Plaintiffs plead that all the Individual Defendants were involved in the wrongdoing. Specifically, Plaintiffs allege that the Individual Defendants, in addition to John Doe Defendants, approached the vehicle with their guns drawn. FAC ¶¶ 9-10. Plaintiffs further allege that the Individual Defendants all fired their weapons. *Id.* ¶ 14. This allegation is plausible given the additional allegation that seventy- two bullets were discharged into the vehicle. *Id.* Thus, this case is factually more in line with *Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002), which the Third Circuit also addressed in *Jutrowski*. *See Jutrowski*, 904 F.3d at 290. In *Smith*, the plaintiff alleged that several corrections officer defendants beat him up. The plaintiff testified that the defendants were behind him, pushed him against the wall and cabinets, and then knocked him to the floor. *Smith*, 293 F.3d at 650. Although the plaintiff could not see each of the defendants during the incident, he testified that each named defendant was involved. The Circuit determined this testimony was sufficient to create a genuine issue of material fact as to each of the named defendants. *Id.* Here, Plaintiffs sufficiently allege the personal involvement of each Individual Defendant.

The County Defendants also criticize Plaintiffs for their failure to obtain a Use of Force Report[7] to determine which of the Individual Defendants fired their guns before filing the FAC. Cty. Br. at 11-12. A court, however, is only concerned about plausible factual allegations at the pleading stage. *See Twombly*, 550 U.S. at 555 (explaining that Fed. R. Civ. P. 8(a)(2) requires that

---

[7] Defendants' arguments appear premised on the argument that the Use of Force Report is accurate and unassailable.

pleadings include "[f]actual allegations" that "raise a right to relief above the speculative level"); *see also Fowler*, 578 F.3d at 213 ("[I]t has been noted that a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (internal quotation omitted)). As discussed, Plaintiffs' allegation that every Individual Defendant fired their weapon is plausible. Moreover, by challenging Plaintiffs' factual allegations through documents outside the pleadings, Defendants ask the Court to consider information that is not appropriate at the motion to dismiss stage. *See Doe v. Princeton Univ.*, --- F.4th ---, 2022 WL 965058, at *3 (3d Cir. Mar. 31, 2022) ("The proper place to resolve factual disputes is not on a motion to dismiss, but on a motion for summary judgment."). If the Use of Force Report or other evidence obtained through discovery demonstrates that certain of the Individual Defendants did not use their firearms, then the County Defendants' may raise the issue at a later date rather than on a Rule 12(b)(6) motion to dismiss.

Finally, Yunque and Pereira contend that the excessive force claim must be dismissed as to them because they are entitled to qualified immunity. Pereira Br. at 5-8. Qualified immunity can protect a state actor from liability in a Section 1983 case. *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005). Qualified immunity shields government officials from civil damages liability "'unless the official violated a constitutional right,' and 'the right was clearly established at the time of the challenged conduct.'" *Weimer v. County of Fayette*, 972 F.3d 177, 190 (3d Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)) (internal quotation marks and citation omitted). In determining whether qualified immunity exists, a court must assess (1) "whether the facts that the plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was 'clearly established' at the time of the defendant's alleged

9

misconduct." *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)) (internal quotation marks and punctuation omitted).

A court "may address these two prongs in whichever order [it] find[s] appropriate for the case." *Lozano v. New Jersey*, 9 F.4th 239, 245 (3d Cir. 2021). "If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of law." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (finding defendant police officers were entitled to qualified immunity at the motion to dismiss stage) (citing *Pearson*, 555 U.S. at 232). But "[t]he qualified immunity analysis involves a fact-intensive inquiry that is generally ill-suited for resolution at the pleadings stage." *Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 121 (D.N.J. 2017) (quoting *Batiz v. Brown*, No. 12-581, 2013 WL 1137531, at *7 (D.N.J. Mar. 14, 2013)). Therefore, "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Thomas v. Independence Township*, 463 F.3d 285, 291 (3d Cir. 2006).

Yunque and Pereira rely on evidence outside of and contradictory to the FAC in arguing that their use of force was reasonable under the circumstances. *See, e.g.*, Pereira Br. at 7 (citing to an exhibit to the Certification of Kevin Desai for facts). But, as noted, when deciding a Rule 12(b)(6) motion to dismiss, a district court cannot disregard well-pleaded factual allegations in a complaint when presented with conflicting facts in documents outside the pleadings. Factual disputes are addressed through a motion for summary judgment. *Doe*, --- F.4th ---, 2022 WL 965058, at *3. Even if the Court were to consider their evidence, Yunque and Periera's argument indicates that there are significant factual disputes. "[F]actual issues or factual uncertainty may make [a qualified immunity] assessment impossible at the complaint stage." *Saint-Jean v. County of Bergen*, 509 F. Supp. 3d 87, 110 (D.N.J. 2020); *see also Mitchell v. Twp. of Willingboro Mun.*

10

*Gov't*, 913 F. Supp. 2d 62, 67-68 (D.N.J. 2012) (explaining that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases"). Moreover, the Pereira Defendants do not address whether the right as issue was clearly established at the time of the incident. Accordingly, the Court cannot determine whether Yunque or Pereira are entitled to qualified immunity through the pleading alone. The Pereira Defendants' motion is denied on these grounds.

Defendants' motions are denied with respect to Plaintiffs' excessive force claim.

### 3. False Arrest and Unreasonable Seizure (Counts Two and Three)

Next, Defendants seek to dismiss Plaintiffs' false arrest and imprisonment claim (Count Two) and unreasonable seizure claim (Count Three) because the Individual Defendants had reasonable suspicion to conduct an investigatory stop of the vehicle. Cty. Br. at 3-6; Pereira Br. at 8-11. To state a Section 1983 false arrest or unreasonable seizure claim, a plaintiff must establish (1) that there was an arrest or seizure; and (2) that the arrest or seizure was made without probable cause. *See James*, 700 F.3d at 680; *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). Plaintiffs' allegations in Counts Two and Three focus on the shooting rather than the basis for the stop. *See* FAC ¶¶ 27-28 (pleading that Braswell was arrested by the Individual Defendants when they fired upon the vehicle); *id.* ¶ 37 (alleging that Braswell was seized after the Individual Defendants fired into the vehicle). As a result, Defendants' arguments do not address the constitutional wrongs asserted in Counts Two and Three. Whether the Individual Defendants had reasonable suspicion to conduct an investigatory stop is irrelevant to Plaintiffs' claims.[8]

---

[8] In arguing that these counts should be dismissed, the County Defendants rely on a September 26, 2018 incident report and the New Jersey Department of Corrections, Offender Details subpage for Phillip M. Belton. Cty. Br. at 3-5. Pereira and Yunque ask this Court to take judicial notice of two Newark Municipal Court Complaints and Judgments of Conviction. Pereira Br. at 1. While not pled in the FAC, Defendants contend that Belton was driving the vehicle. *See* Cty. Br. at 4.

Accordingly, Defendants' motions are denied as to Counts Two and Three.

#### 4. Failure to Provide Timely Medical Care (Count Five)

Defendants also seek to dismiss Count Five, which asserts a claim for failure to provide medical care. Failure to provide medical care to a person in custody may amount to a constitutional violation under Section 1983 "only if that failure rises to the level of deliberate indifference to that person's serious medical needs." *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995); *see also Easterling v. City of Newark*, 778 F. App'x 80 (3d Cir. 2019) (*per curiam*) (applying deliberate indifference standard to delay of medical care claim where the plaintiff was shot by police at the scene of a robbery). To state such a claim, a plaintiff must plead facts demonstrating that (1) defendants were deliberately indifferent to his medical needs; and (2) the medical needs were objectively serious. *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999).

Defendants argue that Plaintiffs fail to allege that "anyone should have been objectively aware that Braswell was seriously injured inside the vehicle." Cty. Br. at 7; Pereira Br. at 12. In fact, the County Defendants contend that it is an "unsupported logical leap" to infer that the Individual Defendants should have known that Braswell needed medical aid. Cty. Reply at 9. Objectively serious medical needs include "one[s] that [are] so obvious that a lay person would easily recognize the necessity for a doctor's attention[.]" *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal citations omitted). As discussed, Plaintiffs plead that the Individual Defendants discharged seventy-two bullets into the vehicle. FAC ¶ 15. Viewing the allegations in a light most favorable to Plaintiffs, the Court concludes that it is more than reasonable to

---

Defendants contend that the Court can take judicial notice of these documents pursuant to Federal Rule of Evidence 201(c)(2) in deciding their motion to dismiss. Cty. Br. at 1; Pereira Br. at 1. Because the Court does not need to address reasonable suspicion to stop the vehicle, the Court will not address the parties' arguments about whether it can consider these documents.

presume that Braswell needed immediate medical attention after the Individual Defendants used their firearms. Therefore, Plaintiffs plead that there were objectively serious medical needs.

Next, the deliberate indifference prong requires proof that the defendants knew of and disregarded an excessive risk to the plaintiff's safety. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Defendants argue that Plaintiffs do not establish that they disregarded a risk to Braswell's safety because the Individual Defendants knew there were weapons inside the vehicle. Defendants continue that their failure to provide immediate medical care was necessary under the circumstances due to officer safety concerns. Cty. Br. at 8-10; Pereira Br. at 12-14. The contention that there were weapons in the vehicle does not appear in the FAC. Instead, Defendants rely on the incident report for this information. Cty. Br. at 8; Pereira Br. at 7.[9] As discussed, Defendants maintain that the Court can take judicial notice of this document to decide their motion. *See, e.g.*, Cty. Br. at 1. Defendants argue that the incident report is a matter of public record and integral to Plaintiffs' claims. Cty. Reply at 2.

In deciding a motion to dismiss, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochemicals USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). Plaintiffs' claim would exist in this matter regardless of whether a police officer created an after

---

[9] The County Defendants quote page 3 of Exhibit A from the Destinvil Cert. for support. Exhibit A is the FAC, and the quoted language does not appear in the FAC. Rather, the quoted language appears on page 5 of Exhibit B, which is the Incident Report. *See* Destinvil Cert., Ex. B at 5.

13

the fact incident report. Accordingly, the incident report is not integral to Plaintiffs' claims.

"Public records include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, judicial opinions, and hearing transcripts." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 632 (3d Cir. 2018). But Defendants provide no legal authority to support their position that a police report is a public record for purposes of a Rule 12(b)(6) motion to dismiss analysis. Moreover, Defendants fail to cite authority that the Court can consider the *veracity* of the contents of a police report at this stage.[10] Although the County Defendants cite to *Shelley v. Wilson*, 339 F. App'x 136 (3d Cir. 2009) in support, *see* Cty. Reply at 2, *Shelley* is inapposite. In *Shelley*, the Third Circuit simply acknowledged that the district court properly considered certain documents, including a police report, because the documents were "referenced in Shelley's complaint, were matters of public record, and/or were integral of the false arrest claim." *Shelley*, 339 F. App'x at 137 n.2. Outside of recognizing what documents a court may consider, the Third Circuit did not provide any analysis of why the documents were properly considered by the district court or which category certain documents fell into. Accordingly, the Court will not consider facts from the incident report, as they are outside of the pleading.

---

[10] A court, for example, may take judicial notice of documents filed in other court proceedings because they are matters of public record. *See Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013) (taking judicial notice of stipulation and assignment agreement that was filed in state court). A court cannot, however, rely on these public records to establish facts. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) ("While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion."). Outside of arguing that the Court can take judicial notice of the incident report, Defendants do not establish that the Court could use the incident report to establish facts that contradict the FAC without converting the motions into motions for summary judgment. And as already discussed, the Court cannot consider Defendants' competing factual allegations at this time. *See Doe*, --- F.4th ---, 2022 WL 965058, at *3.

Plaintiffs alleged facts that are sufficient to establish that the Individual Defendants acted with deliberate indifference. Plaintiffs allege that after discharging seventy-two bullets into the vehicle where Braswell was a passenger, the Individual Defendants failed to provide medical aid to Braswell or call EMS. FAC ¶ 53. Defendants' motions are denied with respect to Count V.

### IV. CONCLUSION

For the foregoing reasons, the ECSD's motion (D.E. 32) is **GRANTED**. Accordingly, Counts I, II, III, and V, and Plaintiffs' claim for punitive damages are **DISMISSED** as to the ECSD. The County Defendants motion (D.E. 29) and Pereira and Yunque's motion (D.E. 30) are **DENIED**. An appropriate Order accompanies this Opinion.

Dated: April 6, 2022

_____
John Michael Vazquez, U.S.D.J.