**HUNT, HAMLIN & RIDLEY**
Military Park Building
60 Park Place, 16th Floor
Newark, New Jersey 07102
Tel: (973) 242-4471
Fax: (973) 242-8295
Attorneys for Plaintiffs,
Taskeen Abdul-Ahad and Horace L. Blaswell

| | |
|---|---|
| Taskeen Abdul-Ahad, Administratrix ad Prosequendum for the heirs at law for decedent Paul Braswell, and General Administrix of the Estate of Paul Braswell, individually, and Horace L. Blaswell<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF ESSEX, DETECTIVE JOSE YUNQUE, DETECTIVE OZIE RYALS, DETECTIVE GINO IZZO, SGT. CHRISTOPHER BOZIOS, JR., DETECTIVE EDGAR SILVERIO, DETECTIVE YUSEF ELLIS, OFFICER ABDULLAH HOLMES, SGT. EMANUEL PEREIRA, DETECTIVE ERIK UDVARHELY, AND JOHN DOE OFFICERS 1-20,<br><br>　　　　　　　Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>DOCKET NO.: 2:20-cv-15602-JMV-JSA<br><br><br>CIVIL ACTION<br><br>SECOND AMENDED COMPLAINT AND JURY DEMAND |

　　　The Plaintiffs, Taskeen Abdul-Ahad, Administratrix ad Prosequendum and General Administrix of the Estate of Paul Braswell (mother of decedent), and Horace L. Braswell (father of decedent) residing in Newark, New Jersey by way of Complaint against the Defendants states:

**INTRODUCTION**

1. This action arises under the Fourth and Fourteenth Amendments of the United States Constitution; under federal law, specifically, **42 U.S.C. §§ 1983** and **1988**; Article I Paragraphs 1 and 7 of the New Jersey Constitution; and under state law, specifically the New Jersey Civil Rights Act (NJCRA) **N.J.S.A. § 10:6-2**, for injuries and damages arising out of an incident on September 26, 2018.

2. While acting in the scope of their employment for Defendant County of Essex and under color of state law, Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA and ERIK UDVARHELY exercised unreasonable excessive use of force against PAUL BRASWELL, deceased, causing his death.

**JURISDICTION**

3. This Court has jurisdiction over the claims in this Complaint pursuant to **42 U.S.C. §§ 1983** and **1988**.

4. This Court has supplemental jurisdiction over the pendent state law claims pursuant to **28 U.S.C. § 1367**.

**VENUE**

5. Venue is proper in this district based on **28 U.S.C. § 1391(b)**, as Defendants are residents of this district and the acts or occurrences giving rise to these claims occurred in this district.

**PARTIES**

6. At all times hereinafter mentioned, Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA and ERIK UDVARHELY were employees of the COUNTY OF ESSEX via the Essex County Sheriff Department, were acting within the scope and authority of their employment, and are sued in their individual capacities.

7. This action is also brought against the COUNTY OF ESSEX ("COUNTY" OR "ESSEX COUNTY") as the Essex County Sheriff Department is a governmental sub-unit of the COUNTY OF ESSEX, and together are considered a "single entity" for purposes of section 1983 liability, for the COUNTY'S failure to properly train and supervise the individual Defendant Police Officers

3

in the proper use of force; techniques necessary or used to secure the search of a vehicle; proper dispatch policy; and its policies, procedures, practices, and customs regarding arrests that results in the excessive use of force and other unconstitutional acts.

8. This suit is also brought against Defendants JOHN DOE 1-10, officers or individuals, who at all times pertinent hereto, were involved in the facts and circumstances of Plaintiffs' complaint fictitiously pleaded as Defendants' true identities are unknown to Plaintiffs at this time.

**STATEMENT OF FACTS**

9. On or about September 26, 2018, PAUL BRASWELL, (Deceased), was a passenger in a vehicle that was lawfully present in the City of Newark in or around the area of Bergen Street and Lyons Avenue, when the vehicle was approached by unknown individuals, armed with what appeared to be firearms seeking to block the path of the vehicle.

10. Unbeknownst to the occupants of the vehicle at the time, the unknown individuals were Defendant Police Officers, JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA and ERIK UDVARHELY and JOHN DOE 1-10, who drew their weapons

4

in a show of force to detain and arrest the occupants of the automobile.

11. In an attempt to evade the unknown/unidentified assailants, the vehicle in which PAUL BRASWELL was a passenger, fled and thereafter struck several vehicles and a tree.

12. As a passenger in the vehicle, PAUL BRASWELL could not operate or otherwise control the direction of the motor vehicle.

13. PAUL BRASWELL was not involved with, or engaged in, any criminal activity prior to or at the time of his death, nor was he in possession of any illegal contraband or weapons at the time of his death.

14. After the vehicle that PAUL BRASWELL occupied was rendered inoperable due to the motor vehicle accident, Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10, opened fire upon the vehicle discharging seven-two (72) bullets which same struck PAUL BRASWELL.

15. After firing their weapons, Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 surrounded the vehicle and at some point thereafter, secured the driver of the automobile.

16. For hours after the shooting, none of the aforementioned Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 offered or attempted to offer medical aid or attention to PAUL BRASWELL, while he was in the vehicle wounded or timely called EMS for the decedent to receive medical attention.

17. At no time did PAUL BRASWELL or the driver of the vehicle in which he was a passenger, attempt nor actually discharge any firearms nor take any other action directed at or towards the police. At best, the operator of the vehicle was attempting to flee from what was his belief that the vehicle was being approached by unknown individuals attempting to harm him and PAUL BRASWELL, only later to realize they were members of law enforcement in plain clothes.

6

18. Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 used unnecessary and unlawful force, and as a direct and proximate result, caused the death of PAUL BRASWELL.

### COUNT I

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983 and N.J.S.A. § 10:6-2 (Excessive Force) as to Defendants Yunque, Ryals, Izzo, Bozios, Silverio, Ellis, Holmes, Pereira, Lopez, Udvarhely and John Doe 1-10**

19. Plaintiffs reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

20. Acting under "color of law", Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 deprived the Decedent of his right to be free from the use of excessive, unreasonable, and unjustified force in violation of the Fourth Amendment to the Constitution of the United States; **42 U.S.C. § 1983**; Article I Paragraph 7 of the New Jersey Constitution; and **N.J.S.A. § 10:6-2**.

21. Defendants subjected Plaintiff to these deprivations either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

22. As a result of the aforesaid occurrence, PAUL BRASWELL suffered damages and injuries, resulting in his death. Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 are liable to Plaintiffs for said damages and injuries, and punitive damages. Further, the Plaintiffs are also entitled to relief under **42 U.S.C. §1988** and **N.J.S.A. § 10:6-2.**

### COUNT II

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983 and N.J.S.A. § 10:6-2 (False Arrest and False Imprisonment) as to Defendants Yunque, Ryals, Izzo, Bozios, Silverio, Ellis, Holmes, Pereira, Lopez, Udvarhely and John Doe 1-10**

23. Plaintiffs reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

24. When Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY

8

and JOHN DOE 1-10 approached the automobile with weapons drawn attempting to block its path, these Defendants evidenced an intent to place Paul Braswell in custody.

25. At no time did the Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 have a warrant for the arrest of Paul Braswell.

26. At no time did the Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 have facts to support a reasonable suspicion that the decedent had engaged in, was in the process of or was about to engage in, a violation of the law.

27. Further, by firing upon the automobile, leaving the decedent in the vehicle and surrounding the car, Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 displayed a show of force evidencing an intent to place or keep Paul Braswell in custody, and based on the facts surrounding this incident, it was reasonable for the decedent to believe that he was not free to leave and was under the actual control and will of the Defendant Police Officers.

9

28. Therefore, based on these facts, the decedent was arrested within the meaning of the Fourth Amendment to the Constitution of the United States and Article I Paragraphs 1 and 7 of the New Jersey Constitution.

29. Further, the decedent was unlawfully detained without probable cause after the defendant officers fired upon the vehicle and kept the decedent in the automobile wounded and without legal process for hours in violation of the Fourth Amendment to the Constitution of the United States and Article I Paragraphs 1 and 7 of the New Jersey Constitution.

30. Acting under "color of law", Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 lacked probable cause to effectuate an arrest of the deceased thereby violating his Fourth Amendment rights of the Constitution of the United States, **42 U.S.C. § 1983**, Article I Paragraph 7 of the New Jersey Constitution, and **N.J.S.A. § 10:6-2.**

31. Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 deprived the decedent of his rights by acting

either maliciously or with a reckless disregard for whether his rights would be violated by their actions.

32. As a result of these violations, PAUL BRASWELL suffered injuries that resulted in his death.

33. The actions described in this Count were objectively unreasonable and were undertaken intentionally with willful indifference to the decedent's constitutional rights.

34. As a result of the aforesaid occurrence, PAUL BRASWELL suffered damages and injuries that resulted in his death. Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 are liable for said damage and injuries to the Plaintiffs, and punitive damages. Further, the Plaintiffs are also entitled to relief under **42 U.S.C. §1988** and **N.J.S.A. 10:6-2.**

**COUNT III**

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983 and N.J.S.A. § 10:6-2 (Unreasonable Seizure) as to Defendants Yunque, Ryals, Izzo, Bozios, Silverio, Ellis, Holmes, Pereira, Lopez, Udvarhely and John Doe 1-10**

35. Plaintiffs reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

36. After firing upon the automobile and striking the decedent numerous times, the decedent was seized under the Fourth Amendment to the Constitution of the United States and Article I Paragraphs 1 and 7 of the New Jersey Constitution.

37. At no time did the Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 have a warrant for the arrest of Paul Braswell.

38. At no time did the Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 have articulate facts to support a reasonable suspicion that the decedent had engaged in, was in the process of or was about to engage in, a violation of

the law, was armed or dangerous, or any other basis on which to justify the actions taken that ultimately resulted in his death after being wrongfully shot by said officers.

39. Acting under "color of law", Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 caused PAUL BRASWELL to be unreasonably seized in violation of the Fourth Amendment to the Constitution of the United States, **42 U.S.C. § 1983**, Article I Paragraph 7 of the New Jersey Constitution and **N.J.S.A. § 10:6-2**, which same ultimately resulted in his death.

40. Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 subjected the decedent to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether his rights would be violated by their actions.

41. As a result of these violations, PAUL BRASWELL suffered physical injuries that led to his death.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to decedent's constitutional rights.

43. As a result of the aforesaid occurrence, Paul Braswell suffered damages and injuries that caused his death. Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 are liable for said damages and injuries to the Plaintiffs, and punitive damages, and the Plaintiffs are entitled to relief under **42 U.S.C. §1988**.

### COUNT IV

**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 and N.J.S.A 10:6-2 (*Monell* Claim - Unconstitutional Official Policy and Failure to Supervise and Train) as to Defendant COUNTY OF ESSEX.**

44. Plaintiffs reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

45. Defendant COUNTY OF ESSEX, by and through its policy makers, failed to ensure through custom, policy and/or practice or training that its police officers would obey,

follow and otherwise and abide by appropriate protocol and procedures regarding the excessive use of force.

46. COUNTY OF ESSEX, and/or other final policy makers had actual or constructive notice of the failures of its police personnel to obey, follow and/or enforce appropriate policies and/or protocols or implement effective training regarding the excessive use of force based on prior incidents including but not limited to the 2010 shooting of an unarmed man in Branch Brook Park in Newark and the 2013 shooting of an unarmed man in Newark. As such, it was reasonably foreseeable that the failure to obey policies and implement training would result in preventable and unnecessary harm to citizens of the county in the future. The shooting of the decedent occurred shortly after the implementation of measures such as the Early Warning System that sought to identify and eradicate "problematic officer conduct" in the State and in Essex County. ***N.J. AG Directive 2018-3 at 1; Essex Co. Sherriff Office General Order, G.O. No*. 2018-1.**

47. This Defendant failed to adequately supervise and enforce adherence by its police officers to supervisory policies and procedures, through which it was foreseeable that constitutional violations of the type PAUL BRASWELL suffered would be a predictable result of such failures.

15

48. Such failures to train, supervise and discipline, were conducted under color of state law and such unconstitutional customs, practices and/or policies amounted to gross negligence, deliberate indifference or intentional conduct, which were the moving force behind the decedent's death.

49. As a result of the aforesaid occurrence, Plaintiffs suffered damages and injuries arising out of the decedent's death. Defendant Essex County is liable for said damages and injuries to the Plaintiffs and they are also entitled to relief under **42 U.S.C. §1988 and N.J.S.A. § 10:6-2.**

### COUNT V

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983 and N.J.S.A. § 10:6-2 (Failure to Provide or Timely Secure Medical Care) as to Defendants Yunque, Ryals, Izzo, Bozios, Silverio, Ellis, Holmes, Pereira, Lopez, Udvarhely and John Doe 1-10**

50. Plaintiffs reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

51. After shooting Paul Braswell, Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 failed to

offer medical aid or attention to the decedent while he lay dying or failed to timely call EMS so that he could receive urgent medical attention.

52. Acting under "color of law", Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 acted with deliberate indifference to Paul Braswell's obvious need for medical care caused by the defendants thus engaging in egregious conduct that "shocks the conscious" resulting in the decedent being deprived of substantive due process under the Fourteenth Amendment to the Constitution of the United States, **42 U.S.C. § 1983**, Article I, Section 1 of the New Jersey Constitution and **N.J.S.A. § 10:6-2**, which same ultimately resulted in his death.

53. Defendant Police Officer JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 deprived Paul Braswell of his rights in an egregious manner by acting with a reckless disregard for whether decedent's rights would be violated by their actions.

54. As a result of these violations, PAUL BRASWELL suffered physical injuries that led to his death.

55. As a result of the aforesaid actions, Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 are liable to the Plaintiffs for damages and punitive damages, and the Plaintiffs are entitled to relief under **42 U.S.C. §1988.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter a judgment against Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY, JOHN DOE 1-10, ESSEX COUNTY, its employees, agents and/or servants, by their actions or inactions, violated decedent's rights under the Fourth Amendment to the Constitution of the United States, **42 U.S.C. § 1983**, Article I Paragraph 7 of the New Jersey Constitution; deprivation of his of substantive due process under the Fourteenth Amendment to the Constitution of the United States, Article I Paragraph 1 of the New Jersey Constitution; and **N.J.S.A. § 10:6-2;**

WHEREFORE, Plaintiffs request that this Court grant them the following relief, jointly and severally, against the named defendants:

A. Judgment for compensatory damages against all Defendants in an amount to be determined at trial;

B. Order Defendant Police Officers JOSE YUNQUE, OZIE RYALS, GINO IZZO, CHRISTOPHER BOZIOS, JR., EDGAR SILVERIO, YUSEF ELLIS, ABDULLAH HOLMES, EMANUEL PEREIRA, ERIK UDVARHELY and JOHN DOE 1-10 to pay punitive and other exemplary damages based on **42 U.S.C. § 1983 and N.J.S.A. § 10:6-2,** claims;

C. An award of the costs of this action against all Defendants, including reasonable Attorney's fees, in accordance with **42 U.S.C. § 1988** and **N.J.S.A. § 10:6-2(f);**

D. Grant all other and additional relief to which Plaintiff may be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

                                    **HUNT, HAMLIN & RIDLEY**

                                    ATTORNEYS FOR TASKEEN ABDUL-AHAD AND HORACE L. BLASWELL

                                    <u>RAYMOND L. HAMLIN /S/</u>
                                    RAYMOND L. HAMLIN